FILED

2017 MAY 25 PM 3: 54

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LARRY RUMBOUGH,

Plaintiff,

Case No. 6:17-cv-956-ORL-31KRS

-v-

COMENITY CAPITAL BANK; COMENITY LLC; COMENITY SERVICING LLC; ALLIANCE DATA; BJ'S WHOLESALE CLUB, INC.; ANTHONY NEWSOME; JANE DOE; MCGLINCHEY STAFFORD PLLC; JENNIFER M. CHAPKIN; LISA M. SCHILLER; MARGARET HIGHTOWER; EQUIFAX INFORMATION SERVICES LLC; EQUIFAX CONSUMER AFFAIRS; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; JAMES M. PECK; SAMUEL A. HAMOOD; JOHN W. BLENKE; CHRISTOPHER A. CARTWRIGHT; JOHN T. DANAHER; MOHIT KAPOOR; CURTIS J. MILLER; JULIE SPRINGER, INNOVIS DATA SOLUTIONS, INC; NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE,

Defendants.

**COMPLAINT**

Plaintiff, LARRY RUMBOUGH, hereby sues Defendants, COMENITY CAPITAL BANK; COMENITY LLC; COMENITY SERVICING LLC; ALLIANCE DATA; BJ'S WHOLESALE CLUB, INC.; ANTHONY NEWSOME; JANE DOE; MCGLINCHEY STAFFORD PLLC; JENNIFER M. CHAPKIN; LISA M. SCHILLER; MARGARET HIGHTOWER; EQUIFAX INFORMATION SERVICES LLC; EQUIFAX CONSUMER AFFAIRS; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; JAMES M. PECK; SAMUEL A. HAMOOD; JOHN W. BLENKE; CHRISTOPHER A. CARTWRIGHT; JOHN T. DANAHER; MOHIT KAPOOR; CURTIS J. MILLER; JULIE

SPRINGER, INNOVIS DATA SOLUTIONS, INC; NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE, and alleges:

**PRELIMINARY STATEMENT**

1. This is an action brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI) *et seq.*; for damages for violations of the Telephone Consumer Practices Act (TCPA) 47 U.S.C. §227 *et seq.*; and for damages for violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. §501(Part II).

**JURISDICTION AND VENUE**

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k, Fla. Stat. §559.77, 47 U.S.C. §227(b)(3), and Fla. Stat. §501.211.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which exceed $75,000.00.

5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

6. Defendant, COMENITY CAPITAL BANK ("Comenity"), is an unknown entity.

7. Defendant, COMENITY LLC ("Comenity LLC"), is an unknown entity.

8. Defendant, COMENITY SERVICING LLC ("Comenity Servicing"), is an unknown entity.

9. Defendant, ALLIANCE DATA ("Alliance"), is an unknown entity.

10. Defendant, BJ'S WHOLESALE CLUB, INC. ("BJ's"), is a Delaware corporation, authorized to do business in Florida.

11. Defendant, ANTHONY NEWSOME ("Newsome"), is a natural person and an employee of BJ's Wholesale Club.

12. Defendant, JANE DOE ("Doe"), is the alias of an unknown natural person and an employee of BJ's Wholesale Club.

13. Defendant, MCGLINCHEY STAFFORD PLLC ("McGlinchey"), is a Louisiana limited liability company, authorized to do business in Florida.

14. Defendant, JENNIFER M. CHAPKIN ("Chapkin"), is a natural person and an employee of McGlinchey Stafford PLLC.

15. Defendant, LISA M. SCHILLER ("Schiller"), is a natural person and an employee of McGlinchey Stafford PLLC.

16. Defendant, MARGARET HIGHTOWER ("Hightower"), is a natural person and an employee of Comenity LLC.

17. Defendant, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), is a Georgia limited liability company, authorized to do business in Florida.

18. Defendant, EQUIFAX CONSUMER AFFAIRS ("Equifax Consumer"), is an unknown entity.

19. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), is an Ohio corporation, authorized to do business in Florida.

20. Defendant, TRANS UNION LLC ("Trans Union"), is a Delaware limited liability company, authorized to do business in Florida.

21. Defendant, JAMES M. PECK ("Peck"), is a natural person and the President and Chief Executive Officer of Trans Union LLC.

22. Defendant, SAMUEL A. HAMOOD ("Hamood"), is a natural person and the Executive Vice President and Chief Financial Officer of Trans Union LLC.

23. Defendant, JOHN W. BLENKE ("Blenke"), is a natural person and the Executive Vice President, Corporate General Counsel and Corporate Secretary of Trans Union LLC.

24. Defendant, CHRISTOPHER A. CARTWRIGHT ("Cartwright"), is a natural person and the Executive Vice President, U.S. Information Services of Trans Union LLC.

25. Defendant, JOHN T. DANAHER ("Danaher"), is a natural person and the Executive Vice President, Consumer Interactive of Trans Union LLC.

26. Defendant, MOHIT KAPOOR ("Kapoor"), is a natural person and the Executive Vice President and Chief Information and Technology Officer of Trans Union LLC.

27. Defendant, CURTIS J. MILLER ("Miller"), is a natural person and the Executive Vice President, Strategy and Corporate Development of Trans Union LLC.

28. Defendant, JULIE SPRINGER ("Springer"), is a natural person and the Executive Vice President, Marketing of Trans Union LLC.

29. Defendant, INNOVIS DATA SOLUTIONS, INC ("Innovis"), is a Missouri corporation, authorized to do business in Florida.

30. Defendant, NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE, INC. ("National"), is an unknown entity.

31. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

32. On December 29, 2015, Plaintiff went to a local BJ's store to request a store membership, for which he was approved.

33. Without Plaintiff's knowledge or permission, a Comenity credit card account was opened in his name.

34. On December 29, 2015, Comenity, BJ's, Newsome, and Doe obtained Plaintiff's credit report from Equifax. Comenity, BJ's, Newsome, and Doe used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

35. On December 29, 2015, Comenity Servicing and Alliance Data obtained Plaintiff's credit report from Experian. Comenity Servicing and Alliance Data used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

36. On May 5, 2016, Comenity and BJ's obtained Plaintiff's credit report from Experian. Comenity and BJ's used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

37. On May 31, 2016, Comenity obtained Plaintiff's credit report from Equifax. Comenity used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

38. On September 18, 2016, Comenity and BJ's obtained Plaintiff's credit report from Equifax. Comenity and BJ's used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

39. On February 28, 2017, Comenity obtained Plaintiff's credit report from Equifax. Comenity used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

40. On June 1, 2016, Plaintiff notified Comenity that he demanded the inquiry dated December 29, 2015 be deleted from his Equifax credit report.

41. On June 29, 2016, Comenity sent Plaintiff a letter denying his request to have the inquiry dated December 29, 2015 be deleted from his Equifax credit report. The letter also included a Credit Card Agreement. This was the first time that Plaintiff had seen the Credit Card Agreement.

42. On July 21, 2016, Plaintiff sent Comenity a letter rejecting the Credit Card Agreement in its entirety.

43. Comenity, Comenity LLC, Chapkin, Schiller, and Hightower have knowingly attempted to collect nonexistent debt from Plaintiff.

44. On December 19, 2016, Plaintiff emailed Schiller demanding validation of the alleged debt.

45. The same day, Schiller emailed Plaintiff regarding the alleged debt but did not validate the alleged debt.

46. On December 19, 2016, Plaintiff sent certified letters to McGlinchey, Chapkin, and Schiller demanding validation of the alleged debt.

47. On January 19, 2017, Chapkin responded on behalf of McGlinchey, Schiller, and herself. The response did not validate the alleged debt.

48. In the letter, Chapkin admitted to being a debt collector.

49. Hightower has signed an affidavit under penalty of perjury claiming that she has personal knowledge that Plaintiff applied for a Comenity credit card.

50. Hightower also claimed in this affidavit that Plaintiff and Comenity have a contract. She is aware that Plaintiff timely and conclusively rejected the adhesion contract provided by Comenity.

51. Hightower has been repeatedly warned by Plaintiff through McGlinchey, Chapkin, and Schiller that the above claims are false, which she must have known at the time of signing the affidavit.

52. Plaintiff will seek a determination by the Court whether Hightower has committed perjury.

53. Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower have knowingly engaged in a conspiracy to concoct a nonexistent contract between Comenity and Plaintiff.

54. Comenity has reported false information about Plaintiff to credit reporting agencies including Equifax, Experian, Trans Union, and Innovis, and continued to do so despite Plaintiff's disputes about the account that were transmitted through the credit reporting agencies.

55. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

56. Comenity did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

57. Comenity has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

58. Plaintiff sent a dispute letter to Equifax regarding inaccuracies on his credit report reported by Comenity on May 23, 2016.

59. Equifax did not respond to Plaintiff's letter.

60. Plaintiff sent a dispute letter to Equifax regarding inaccuracies on his credit report reported by Comenity on August 19, 2016.

61. Equifax did not respond to Plaintiff's letter.

62. Plaintiff sent a dispute letter to Equifax regarding inaccuracies on his credit report reported by Comenity on December 2, 2016.

63. Equifax did not respond to Plaintiff's letter.

64. Despite those letters, Equifax has refused to delete, correct, place in dispute, and/or print Plaintiff's consumer statement for the alleged Comenity account.

65. Plaintiff sent a dispute letter to Experian regarding inaccuracies on his credit report reported by Comenity on August 19, 2016.

66. Experian did not respond to Plaintiff's letter.

67. Plaintiff sent a dispute letter to Experian regarding inaccuracies on his credit report reported by Comenity on December 2, 2016.

68. Experian did not respond to Plaintiff's letter.

69. Despite those letters, Experian has refused to delete, correct, place in dispute, and/or print Plaintiff's consumer statement for the alleged Comenity account.

70. Plaintiff sent a dispute letter to Trans Union regarding inaccuracies on his credit report reported by Comenity on May 23, 2016.

71. Plaintiff sent a dispute letter to Trans Union regarding inaccuracies on his credit report reported by Comenity on August 19, 2016.

72. Plaintiff sent a dispute letter to Trans Union regarding inaccuracies on his credit report reported by Comenity on December 2, 2016.

73. Trans Union did not respond to Plaintiff's letter.

74. Despite those letters, Trans Union has refused to delete, correct, place in dispute, and/or print Plaintiff's consumer statement for the alleged Comenity account.

75. On May 27, 2016, June 2, 2016, June 9, 2016, and September 13, 2016, Trans Union sent Plaintiff identical letters stating:

> "Thank you for contacting TransUnion. Our goal is to maintain complete and accurate information on consumer credit reports. We have provided the information below in response to your request.
> TransUnion no longer maintains a commercially available credit file for you and in turn cannot fulfill your request"

76. Trans Union in its letter contradicts itself by claiming that its "goal is to maintain complete and accurate information on consumer credit reports" then announces that it no longer maintains a commercially available credit file for [Plaintiff]" that would by necessity include complete and accurate information for Plaintiff.

77. Plaintiff filed a complaint about the purging of his credit report with the Consumer Financial Protection Bureau (CFPB). In response, Trans Union provide the following response to the CFPB and Plaintiff:

> "TransUnion does not maintain a file on the consumer, as that term is defined in the Fair Credit Reporting Act, 15 USC 1681a(g); rather, TransUnion maintains only audit trail and administrative data to ensure that we do not create a file on the consumer. Because we do not maintain a credit file on the consumer, there is nothing for TransUnion to

> disclose to the consumer, and neither the consumer nor any third party can obtain the consumer's credit report. In accordance with TransUnion's policy, before taking this step, we thoroughly reviewed the consumer's credit history and escalated the matter for further review by management. TransUnion's Senior Management, with the approval of TransUnion's Law Department, made the decision to cease maintaining a credit file on the consumer due to a long history of repeated frivolous and meritless requests for investigation submitted by the consumer."

78. Because of the above statement from Trans Union, the CFPB refused to take any action against Trans Union. Plaintiff intends to subpoena the CFPB for similar complaints against Trans Union or any other consumer reporting agency for similar actions.

79. Trans Union has so far refused to identify the "Senior Management" specified in the above response. Therefore, it was necessary for Plaintiff to select the individual members of Trans Union's Senior Management from its website who he considered most likely to have determined to illegally purge his credit file.

80. Plaintiff is willing to add or drop Senior Management Defendants as each of them submit an affidavit signed under penalty of perjury indicating that they did or did not, as appropriate, have a role in purging his credit file.

81. To Plaintiff's knowledge, Trans Union has never considered any of Plaintiff's disputes to be frivolous. In fact, Plaintiff has previously sued Trans Union for its misreporting three times. In each case, Trans Union has corrected its misreporting by mutual agreement and paid Plaintiff confidential settlements.

82. Plaintiff will seek to have the Court order that these confidential settlement agreements be made public in order to demonstrate Trans Union's bad faith.

83. There are four accounts that Plaintiff, Trans Union, and the respective furnishers of information for those four accounts all agree are accurate. Despite this knowledge, Trans Union

refuses to maintain these accounts on Plaintiff's credit file. These accounts were previously on Plaintiff's credit file until Trans Union's purge. Plaintiff has never disputed them.

84. Trans Union, Peck, Hamood, Blenke, Cartwright, Danaher, Kapoor, Miller, and Springer have knowingly engaged in a conspiracy to falsely portray Plaintiff's credit as nonexistent solely in an effort to damage him.

85. Peck, Hamood, Blenke, Cartwright, Danaher, Kapoor, Miller, and Springer obtained Plaintiff's credit report in violation of §1681q.

86. By its purging of Plaintiff's credit report, Trans Union is almost certainly violating its contract with furnishers of information to accurately report Plaintiff's credit information.

87. Trans Union's purging makes it difficult for Plaintiff to obtain credit in general and permanently prevents him from being eligible to obtain a mortgage, which he would otherwise do.

88. Trans Union refuses to inform Plaintiff who has requested or received his credit report.

89. Plaintiff is seeking punitive damages in the amount of at least $1,000,000.00 each from Trans Union and the individual members of its Senior Management in an effort to curb their bad behavior and dissuade them from similarly victimizing other consumers by purging their credit files.

90. Plaintiff intends to hire an attorney in order to amend this Complaint as a class action against Trans Union and Trans Union's Senior Management.

91. On May 20, 2015, Plaintiff attempted to obtain his credit report from Equifax, Experian, and Trans Union on www.annualcreditreport.com. Equifax, Experian, and Trans Union provided his credit report.

92. On May 20, 2016, Plaintiff attempted to obtain his credit report from Equifax, Experian, and Trans Union on www.annualcreditreport.com. Equifax provided his credit report. Experian and Trans Union did not.

93. On May 20, 2017, Plaintiff attempted to obtain his credit report from Equifax, Experian, and Trans Union on www.annualcreditreport.com. Equifax and Experian provided his credit report. Trans Union did not.

94. Plaintiff sent a dispute letter to Innovis regarding inaccuracies on his credit report reported by Comenity on June 14, 2016.

95. Despite that letter, Innovis has refused to delete, correct, place in dispute, and/or print Plaintiff's consumer statement for the alleged Comenity account.

96. Plaintiff called Innovis on May 5, 2017. Innovis informed Plaintiff that the Comenity account was not indicated as in dispute.

97. On August 9, 2016, Equifax Consumer Affairs obtained Plaintiff's credit report from Equifax.

98. Upon information and belief, when Equifax is sued it obtains the Plaintiff's credit report as a hard inquiry in violation of §1681q.

99. Between June 17, 2014 and June 10, 2016, Equifax obtained Plaintiff's credit report from National 115 times. Equifax used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

100. Plaintiff intends to hire an attorney in order to amend this Complaint as a class action against Equifax, Equifax Consumer Affairs, and National.

101. On numerous instances, Comenity and Comenity LLC called Plaintiff attempting to collect on a nonexistent alleged debt and as a telephone solicitation.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 BY DEFENDANTS COMENITY, COMENITY LLC, COMENITY SERVICING, ALLIANCE, BJ'S, NEWSOME, DOE, EQUIFAX, EQUIFAX CONSUMER, EXPERIAN, TRANS UNION, PECK, HAMOOD, BLENKE, CARTWRIGHT, DANAHER, KAPOOR, MILLER, SPRINGER, INNOVIS, AND NATIONAL

102. Paragraphs 1 through 101 are realleged as though fully set forth herein.

103. Plaintiff is a consumer within the meaning of §1681a(c).

104. Comenity is a furnisher of information within the meaning of §1681s-2.

105. Equifax, Experian, Trans Union, Innovis, and National are consumer reporting agencies as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation.

106. Equifax, Experian, Trans Union, and Innovis violated the FCRA. Defendants' violations include, but are not limited to, the following:

a) failing, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report;

b) failing to provide all of the information on file, in violation of §1681(g);

c) failing to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c);

d) failing to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);

e) failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof in violation of §1681(i)(c);

f) failing to properly advise Plaintiff of his ability to make a consumer explanation;

g) failing to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff;

h) failing to permanently correct Plaintiff's report after repeated notification by Plaintiff;

i) failing to properly reinvestigate Plaintiff's disputes; and by

j) concealing from or misrepresenting facts to Plaintiff regarding his report.

107. Comenity, Comenity LLC, Comenity Servicing, BJ's, Newsome, Doe, Equifax, Equifax Consumer, Peck, Hamood, Blenke, Cartwright, Danaher, Kapoor, Miller, and Springer violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Comenity, Comenity LLC, Comenity Servicing, BJ's, Newsome, Doe, Equifax, Equifax Consumer, Peck, Hamood, Blenke, Cartwright, Danaher, Kapoor, Miller, and Springer violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b.

(b) Comenity violated §1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

(c) Plaintiff seeks a Declaratory Judgment that Comenity, Comenity LLC, Comenity Servicing, BJ's, Newsome, Doe, Equifax, Equifax Consumer, Trans Union, Peck, Hamood, Blenke, Cartwright, Danaher, Kapoor, Miller, and Springer violated §1681q, which states that "Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both."

(d) Plaintiff seeks a Declaratory Judgment that Peck, Hamood, Blenke, Cartwright, Danaher, Kapoor, Miller, and Springer violated §1681r, which states that "Any officer or employee of a consumer reporting agency who knowingly and willfully provides information concerning an individual from the agency's files to a person not authorized to receive that information shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both."

WHEREFORE, Plaintiff demands judgment against Comenity, Comenity LLC, Comenity Servicing, BJ's, Newsome, Doe, Equifax, Equifax Consumer, Experian, Trans Union, Peck, Hamood, Blenke, Cartwright, Danaher, Kapoor, Miller, Springer, Innovis, and National for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

**COUNT II**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS COMENITY, COMENITY LLC, MCGLINCHEY, CHAPKIN, SCHILLER, AND HIGHTOWER**

108. Paragraphs 1 through 101 are realleged as though fully set forth herein.

109. Plaintiff is a consumer within the meaning of §1692a(3).

110. Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower are debt collectors within the meaning of §1692a(6).

111. Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower violated §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(b) Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower violated §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

(c) Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower violated §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(d) Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(e) Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower violated §1692e(11) by failing to warn that it was a debt collector.

(f) Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower violated §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(g) Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower violated §1692g by failure to send a validation notice within five days of the initial communication.

(h) Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower violated §1692g(b) by not ceasing collection efforts until the debt was validated.

WHEREFORE, Plaintiff demands judgment against Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

**COUNT III**
**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS COMENITY, COMENITY LLC, MCGLINCHEY, CHAPKIN, SCHILLER, AND HIGHTOWER**

112. Paragraphs 1 through 101 are realleged as though fully set forth herein.

113. Plaintiff is a consumer within the meaning of §559.55(2).

114. Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower are debt collectors within the meaning of §559.55(6).

115. Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower violated the FCCPA. Defendants' violations include, but are not limited to, the following:

(a) Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower violated §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.

(b) Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower violated §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

(c) Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

**COUNT IV**
**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. §227 BY DEFENDANTS COMENITY AND COMENITY LC**

116. Paragraphs 1 through 101 are realleged as though fully set forth herein.

117. Plaintiff's phone number has been listed with the National Do Not Call Registry since September 22, 2006.

118. Comenity and Comenity LLC willfully or knowingly violated the TCPA. Defendants' violations include, but are not limited to, the following:

(a) Comenity and Comenity LLC willfully or knowingly violated 47 U.S.C. §227(b)(1)(B) by initiating telephone calls to Plaintiff's telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff,

(b) Comenity and Comenity LLC willfully or knowingly violated 47 U.S.C. §227(c)(1)(F) by making or transmitting a telephone solicitation to the Plaintiff's telephone number,

WHEREFORE, Plaintiff demands judgment against Comenity and Comenity LLC for actual or statutory damages, and attorney's fees and costs, pursuant to 47 U.S.C. §227(b)3 & (c)5.

**COUNT V**
**VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA), FLA. STAT. §501(PART II)**

**BY DEFENDANTS COMENITY, COMENITY LLC, MCGLINCHEY, CHAPKIN, SCHILLER, HIGHTOWER, TRANS UNION, PECK, HAMOOD, BLENKE, CARTWRIGHT, DANAHER, KAPOOR, MILLER, AND SPRINGER**

119. Paragraphs 1 through 101 are realleged as though fully set forth herein.

120. Plaintiff seeks a Declaratory Judgment that the actions by Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, and Hightower to concoct a nonexistent contract between Plaintiff and Comenity are a violation of FDUTPA and that they must cease and desist.

121. Plaintiff seeks a Declaratory Judgment that the actions by Trans Union, Peck, Hamood, Blenke, Cartwright, Danaher, Kapoor, Miller, and Springer to purge Plaintiff's entire accurate credit report are a violation of FDUTPA and that they must cease and desist.

122. Fla. Stat. §501.2075 also provides for a Civil Penalty as follows:

> "Except as provided in s. 501.2077, any person, firm, corporation, association, or entity, or any agent or employee of the foregoing, who is willfully using, or has willfully used, a method, act, or practice declared unlawful under s. 501.204, or who is willfully violating any of the rules of the department adopted under this part, is liable for a civil penalty of not more than $10,000 for each such violation. Willful violations occur when the person knew or should have known that his or her conduct was unfair or deceptive or prohibited by rule."

WHEREFORE, Plaintiff demands judgment against Comenity, Comenity LLC, McGlinchey, Chapkin, Schiller, Hightower, Trans Union, Peck, Hamood, Blenke, Cartwright, Danaher, Kapoor, Miller, and Springer for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §501.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: May 25, 2017

Respectfully submitted,

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859