## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO.: 6:17-cv-00956

LARRY RUMBOUGH,

      Plaintiff

v.

COMENITY CAPITAL BANK;
COMENITY LLC; COMENITY
SERVICING LLC; ALLIANCE DATA;
BJ'S WHOLESALE CLUB, INC.;
ANTHONY NEWSOME; JANE DOE;
MCGLINCHEY STAFFORD PLLC;
JENNIFER M. CHAPKIN; LISA M.
SCHILLER; MARGARET HIGHTOWER;
EQUIFAX INFORMATION SERVICES
LLC; EQUIFAX CONSUMER AFFAIRS;
EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION LLC;
JAMES M. PECK; SAMUEL A.
HAMOOD; JOHN W. BLENKE;
CHRISTOPHER A. CARTWRIGHT;
JOHN T. DANAHER; MOHIT KAPOOR;
CURTIS J. MILLER; JULIE SPRINGER;
INNOVIS DATA SOLUTIONS, INC.;
NATIONAL CONSUMER TELECOM &
UTILITIES EXCHANGE
      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS WITH INCORPORATED
## MEMORANDUM OF LAW

      Defendants Comenity Capital Bank ("Comenity"), Comenity Servicing LLC, Comenity

LLC, Alliance Data (collectively "Comenity"), BJ's Wholesale Club, Inc. ("BJ's"), and Anthony

Newsome ("Mr. Newsome"), (collectively "Defendants") hereby move to dismiss the Complaint

filed by Plaintiff Larry Rumbough ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure and in support thereof set forth as follows:

## I.      INTRODUCTION

Plaintiff filed the instant action alleging that Defendants committed a laundry list of consumer protection statute violations including the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.;  the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; the Florida Consumer Collection Practices Act ("FCCPA), Fla. Stat. § 559 et seq.; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.; and the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. §501 et seq. ("Rumbough 2"). [DE. 1].  For several reasons discussed below, Plaintiff's claims have no merit and dismissal is warranted.

## II.      BACKGROUND

On December 29, 2015, Plaintiff was issued a Comenity credit card account (the "Account") at a local BJ's store in Orlando, Florida. Plaintiff's instant claims are, in substance, identical to those advanced in an earlier federal case because they arise from the same transaction or series of transactions as the claims related to the Account in the earlier federal action, which is still pending, and could have very well been raised then.[1] Additionally, although Plaintiff's Complaint alleges a myriad of violations, the Complaint is devoid of any facts that would support any recovery. Accordingly, Plaintiff's Complaint should be dismissed.

## III.      LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a claim. *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1368 (11th Cir. 1997).

---

[1] *See Larry Rumbough v. Comenity Capital Bank et al*, Case Number 16-cv-01305-GKS ("Rumbough 1"). Pursuant to FRE 201, Defendants ask this Court to take judicial notice of the docket and court file in Rumbough 1. *See Universal Express, Inc. v. S.E.C.*, 2006 WL 1004381, at *1 (11th Cir. April 18, 2006) ("[p]ublic records are among the permissible facts that a district court may consider" on a motion to dismiss).

Dismissal is proper where the complaint lacks a cognizable legal theory or lacks sufficient facts alleged to support a cognizable legal theory. *Id*. at 1369.

A pleading must contain "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If a complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n]' " that plaintiffs are entitled to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Although Plaintiff's *pro se* pleadings are construed liberally, a minimal pleading standard does exist. *See Wagner v. Daewoo Heavy Industries Am. Corp*., 289 F.3d 1268, 1270 (11th Cir. 2002), *rev'd* on other grounds, 314 F.3d 541 (11th Cir. 2002) (en banc).[2] Plaintiffs remain, for example, "subject to the relevant law and rules of this Court, including the Federal Rules of Civil Procedure." *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Accordingly, to survive a motion to dismiss, Plaintiff must do more than merely state legal conclusions; he is required to allege some specific factual basis for those conclusions or face dismissal of his claims.

---

[2] "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (internal quotation marks and citation omitted).

# IV.   <u>LEGAL ARGUMENT</u>

**A. Plaintiff's Claims Should be Dismissed as Plaintiff Has Engaged in Impermissible Claim Splitting.**

As a threshold issue, under the doctrine of claim splitting, Plaintiff's claims should be dismissed as the instant case is duplicative of his earlier federal action. Plaintiff's Complaint seeks similar relief, and asserts some of the same causes of action, as his earlier action, which also stems  from similar allegations surrounding the Account.  "The claim-splitting doctrine ensures that a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails; the claim-splitting doctrine thus ensures fairness to litigants and conserves judicial resources." *See Vanover v. NCO Financial Services, Inc.*, 2017 WL 2129557, at * 6 (11th Cir. May 17, 2017).

"The district courts have discretion to control their dockets by dismissing duplicative cases." *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The claim splitting doctrine is derived from principles of res judicata and serves as one basis for disallowing duplicative cases. *See Adams v. California Dept. of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007). Essentially, "the rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit . . . [b]y spreading claims around in multiple lawsuits in other courts or before other judges, parties waste scarce judicial resources and undermine the efficient and comprehensive disposition of cases." *See Katz*, 655 F.3d at 1217 (internal quotations and citations omitted); *see also Stark v. Starr*, 94 U.S. 477, 485; 24 L. Ed. 276 (1876) (claim splitting doctrine ensures that plaintiffs may not "split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail.").

"To determine whether such duplicative claim-splitting has occurred, courts borrow from the doctrine of claim preclusion and permit the later-filed suit to be dismissed if it [1] involves the same parties or their privies; and [2] arises out of the same transaction or series of transactions as the first suit." *See Greene v. H&R Block Eastern Enterprises, Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (citing *Zephyr Aviation III, L.L.C v. Keytech Ltd.*, No. 07-227, 2008 WL 759095, at *1 n. 4 (M.D. Fla. Mar. 20, 2008)). A failure by a plaintiff to timely amend an initial action to name additional parties or bring additional causes of action that arise out of the series of transactions does not justify duplicative litigation. *See Vanover*, 2017 WL 2129557. Unlike res judicata, however, final judgment on the merits is not required in determining whether claim splitting doctrine is applicable. *Id.* The instant action satisfies both requirements for a finding of claim splitting, and the Plaintiff's Complaint should be dismissed.

### *1. This Case Involves the Same Parties or Their Privies as Rumbough 1.*

Although Plaintiff has nominally named additional defendants, including the undersigned counsel, the first prerequisite is satisfied as Comenity Servicing, Comenity LLC, Alliance Data, and Mr. Newsome are in privity with Defendants Comenity and BJ's. *See McDonald v. Hillsborough County School Bd.*, 821 F.2d 1563, 1565-66 (11th Cir. 1987) (applying the related doctrine of res judicata, the Eleventh Circuit held that "[a]s for the third element, identity of the parties, it is not necessary that the parties to both actions be identical. A judgment is conclusive as to those in privity with the parties."). Comenity and BJ's are the identical defendants in both actions. For purposes of this motion, Defendants Comenity LLC, Comenity Servicing, and Alliance Data are in privity with Defendant Comenity as they are either an employee or affiliate agent of Comenity and were allegedly acting on Comenity's behalf. Defendant Mr. Newsome is in privity with BJ's as he is alleged to be an employee of BJ's. *See Adams v. Cal. Dep't of*

*Health Servs.,* 487 F.3d 684, 691-92 (9th Cir. 2007) (agents and employees in sufficient privity to invoke related concept of res judicata); *see also Lettenmaier v. Federal Home Loan Mortgage Corp.*, 2011 WL 3476648 at *10 (D.Or. Aug. 8, 2011) (holding that "[t]o the extent the issues were actually litigated, or could have been, FreddieMac represented MERS's interests, and MERS is in privity with FreddieMac for the purposes of claim preclusion."). There exists, therefore, adequate authority to satisfy the "identity of the parties" prong of the claim splitting doctrine.

### 2. *This Case Arises Out of the Same Transaction or Series of Transactions as Rumbough 1.*

Regarding the second prong of the claim-splitting doctrine, there is little question that this case arises out of the same transaction or series of transactions as the prior pending federal action. "In general, cases involve the same cause of action for purposes of res judicata if the present case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action . . . [p]ut another way, they must arise out of the same transaction or series of transactions." *See Israel Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 315 (11th Cir. 1992) (internal quotations and citations omitted). Plaintiff's claims in both actions arise out the origination, subsequent servicing, and collection of the credit card Account. "The collection efforts which form the basis of *Vanover I* and *Vanover II* arise from the same transaction or series of transactions. Stated differently, the factual basis for both lawsuits are related in time, origin, and motivation, and they form a convenient trial unit, thereby precluding Vanover from splitting her claims among the lawsuits." *See Vanover* at * 6. All claims raised in this case could have been raised in the prior action and are therefore barred by the doctrine of claim-splitting. *See Stone v. Dep't of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim

preclusion prohibiting the splitting of actions."); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (applying the related res judicata doctrine). Accordingly, the doctrine of claim splitting requires dismissal of Plaintiff's case.

**B. Plaintiff's Claims Should be Dismissed for Failure to State A Cause of Action.**

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement showing that the pleader is entitled to relief. This obligation demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Twombly,* 550 U.S. 544 at 555 (citation and quotation omitted); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("Conclusory allegations . . . or legal conclusions masquerading as facts will not prevent dismissal.").

Additionally, Plaintiff's Complaint fails to comply with the pleading requirements as set forth in cases such as *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Those cases require pleaders to allege facts, not conclusions, and provide that a pleading which consists simply of formulaic recitations of elements or conclusory assertions of liability fail to state a claim. [3] The Plaintiff's Complaint, however, does just that.  In sum, Plaintiff sets forth mere conclusory statements and attaches none of the referenced documents as exhibits, and his pleading falls well below federal pleading standards.

Additionally, Plaintiff alleges that Mr. Newsome is an individual and employee of BJ's. However, Plaintiff fails to allege sufficient facts to impose personal liability upon Mr. Newsome.

---

[3] It seems evident that giving Plaintiff an opportunity to amend would be futile. While *pro se* litigants must generally be given an opportunity to amend their complaints, a district court need not allow an amendment where it would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.*

*See Thomas v. Big Lots Stores, Inc.*, 2011 WL 3035269, at *2 (M.D. Fla 2011) ("In order to establish liability under Florida law, a plaintiff 'must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious)'" citing *White v. Wal-Mart Stores, Inc.* 918 So. 2d 357, 358 (Fla. 1st DCA 2005). Plaintiff fails to allege that Mr. Newsome owed Plaintiff a duty and breached that duty. Plaintiff's conclusory statements are insufficient to allege claims against Defendants individually.

> *1. The Plaintiff's Complaint fails to State a Cause of Action under § 1681s-2 of the FCRA.*

The FCRA governs claims based upon allegations that a furnisher of information submitted incorrect information regarding the consumer to the Credit Reporting Agencies (the "CRAs"). It "imposes two separate duties on furnishers. First, § 1681s-2(a) requires furnishers to submit accurate information to CRAs. Second, § 1681s-2(b) requires furnishers to investigate and respond promptly to notice of customer disputes." *See Green v. RBS Nat. Bank*, 288 Fed. Appx. 641, 642 (11th Cir. 2008).

However, the FCRA "does not provide a private right of action to redress [a violation of § 1681s-2(a)]." *Id*.; *Arianas v. LVNV Funding LLC*, 54 F. Supp. 3d 1308, 1311 (M.D. Fla. 2014) (granting motion to dismiss as to FCRA claim in part on the basis that the plaintiff did not have a private right of action to pursue a claim under § 1681s-2(a)). Rather, enforcement of that provision "is limited to federal agencies, federal officials, and state officials." *Id*. at n. 2 citing 15 U.S.C. §§ 1681s-2(c), (d); 15 U.S.C. §1681s(c)(1)(B).

Instead, the FCRA provides a private right of action for violation of § 1681s-2(b), "but only if the furnisher received notice of the consumer's dispute **from a consumer reporting agency**." *Id.* at 642 (emphasis added); *see also Arianas v. LVNV Funding LLC*, 54 F. Supp. 3d

1308, 1311 (dismissing FCRA claim in part because plaintiff failed "to allege that [d]efendant received notice of the dispute from a consumer reporting agency").

Here, Plaintiff's Complaint alleges that Comenity, Comenity LLC, Comenity Servicing, Alliance Data, BJ's, and Newsome, violated §1681s-2 of the FCRA. [Doc. No. 1, ¶107]. As discussed above, Plaintiff simply cannot assert a private cause of action under §1681s-2(a), and his 1681s-2(a) claim must be dismissed.

Plaintiff further claims that Comenity violated section 1681s-2(b) of the FCRA because after he sent a dispute to the credit reporting agencies regarding the purported credit inquiries, the Comenity Defendants allegedly failed to conduct a reasonable investigation of the dispute and failed to delete the credit inquiries from his credit report. [Doc. No. 1, ¶¶57, 107(b)]. Section 1681s-2(b) imposes certain duties and responsibilities on "furnishers of information" to consumer reporting agencies. 15 U.S.C. § 1681s-2.  Specifically, section 1681s-2(b) requires that upon receiving notice of "a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall" conduct an investigation and take certain actions if the information is inaccurate. 15 U.S.C. § 1681s-2(b)(1).

Plaintiff's section 1681s-2(b) claim fails because he does not allege  Comenity was a "furnisher of information" or that "any information [was] provided by [Comenity] to a consumer reporting agency" as required by the statute.  Rather, Plaintiff repeatedly complains  Comenity *obtained* information about his credit without permission. [Doc. No. 1, ¶¶34-38]. Accordingly, Plaintiff has failed to state a claim against the Comenity for a violation of section 1681s-2(b)

because he does not allege   Comenity furnished information, and instead complains of the Comenity Defendants pulling his credit.[4]

Plaintiff also vaguely complains that Comenity   "reported false information" about him. [Doc. No. 1, ¶¶54-55].   Rather than explain the "false information" that Comenity allegedly furnished to the credit reporting agencies, Plaintiff states, in a conclusory fashion, that "[t]he inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff."   *Id*. Plaintiff further appears to allege that the debt at issue is "nonexistent."   [Doc. No. 1, ¶101]. This claim by Plaintiff is defective, and subject to dismissal, because Plaintiff does not meet the requirements of §1681s-2(b).

Specifically, Plaintiff fails to identify in his Complaint how the accounts were reported inaccurately.   Plaintiff's Complaint is simply void of any details about the supposed inaccurate reporting.   *See Iyigun v. Cavalry Portfolio Services, LLC*, 2013 WL 93114, at * 1 (C.D. Cal., January 8, 2013).[5]   The scant facts offered in the Complaint are insufficient to enable Comenity to determine how it incorrectly reported Plaintiff's account, and therefore, Plaintiff's claim should be dismissed. *Iyigun* at * 1-2 and *Palouian* at *4.

---

[4] *See generally Crain v. Credit Protection Ass'n*, No. 3:09-CV-2353, 2010 WL 2976130, at *2 (N.D. Tex. Jun. 30, 2010) ("Here, although Plaintiff initially alleges that Defendant is a furnisher of information, his sole claim against Defendant is based on its obtaining his credit report without his permission.  He does not contend that Defendant is a consumer reporting agency as defined in § 1681 a(f).  Plaintiff has therefore failed to state a claim against Defendant under the FCRA for furnishing information.").

[5] *And see Palouian v. FIA Card Services*, 2013 WL 1827615, at *4 (E.D. Penn. May 1, 2013) ("In the Plaintiff's Complaint, he declares 'Plaintiff's disputes with Defendant were bona fide legitimate disputes.'  This allegation alone does not properly plead a bona fide dispute; rather, this is the sort of conclusory statement insufficient to establish the plausibility of a claim under *Ashcroft v. Iqbal*.")

Moreover, in *Rumbough 1*, this Court granted summary judgment holding that the debt, which Plaintiff claims does not exist, does in fact exist.[6]  Under § 1681s-2(b), the burden of showing that Comenity's investigation was unreasonable is on Plaintiff.  *See Stroud v. Bank of America*, 886 F.Supp.2d 1308, 1313-14 (S.D. Florida 2012) (*quoting Chiang v. Verizon New England, Inc*., 595 F.3d 26, 38 (1st Cir. 2010)) ("[I]t is apparent that 'what is a reasonable investigation by a furnisher may vary depending on the circumstances,' that reasonableness is judged by an 'objective standard,' and that 'the burden of showing the investigation was unreasonable is on the plaintiff.'").  Further, regardless of what investigation was performed, Plaintiff must prove that the credit reporting at issue was ***actually inaccurate***.  *Chiang* at 38 ("In light of the parallel obligations imposed on CRAs and furnishers—and the narrow purpose of the amendments to the FCRA—that same rationale supports requiring a showing of actual inaccuracy in suits against furnishers.").[7]  As the summary judgment in *Rumbough 1* proves, Plaintiff cannot show that the reporting was inaccurate as it has been determined the debt in question is owed by him.

---

[6] *See Rumbough1* Doc. No. 75.  The Eleventh Circuit has held that it is proper to consider matters that may be judicially noticed when considering a motion to dismiss. *Brady v. Postmaster Gen., U.S. Postal Serv.*, 521 Fed. Appx. 914, 916 (11th Cir. 2013) (*citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *Home v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (*citing Bryant v. Avado Brands. Inc*., 187 F.3d 1271, 1278 (11th Cir. 1999)); *Halmos v. Bomardier Aerospace Corp.*, 404 Fed. Appx. 376, 377 (11th Cir. 2010). Moreover, proceeding under the judicial notice exception does not convert a motion to dismiss into one for summary judgment. *Halmos*, 404 Fed. Appx. at 377 ("We have held that a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion.").
[7] *See also Stroud* at *1314 ("To prevail, a plaintiff must also demonstrate that the result of the investigation was actually inaccurate.") *Richard* at *2 (*quoting Finegan v. Chase Home Fin., LLC*, 2012 WL 444046 at *3 (S.D. Tex. February 10, 2012) ("'Therefore, liability for any alleged violations does not result until a credit reporting agency ***reports an inaccuracy*** and the furnisher fails to correct the error; such notice is necessary to trigger the furnisher's duties under Section 1681s-2(b).'") (emphasis added); *and Davidson v. Capital One, N.A.*, 2014 WL 6682532 at *4 (S.D. Florida Nov. 25, 2014) ("But to interpret the FCRA to create liability for the failure to conduct a reasonable investigation when the disputed information is accurate would do violence to the primary goal of the FCRA: to promote the accurate reporting of credit information to CRAs.")

*2. Plaintiff's Sections 1681b and 1681q Claims Fail Because Comenity Defendants and/or BJ's had a Permissible Purpose to Access his Credit Report.*

To bring a cause of action against the Comenity Defendants or BJ's for a § 1681b violation, Plaintiff must allege: (1) there was a "consumer report"; (2) the defendant used or obtained the report; (3) without a permissible purpose; and (4) the defendant acted willfully or negligently. *See Norman v. Lyons*, No. 3:12-CV-4294-B, 2013 WL 655058, at *2 (N.D. Tex. Feb. 22, 2013) (citing 15 U.S.C. §1681b(a); *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47 (2007)).

Having a permissible purpose to obtain plaintiff's credit report defeats a FCRA violation claim. *See Gonzalez v. Cont'l Serv. Group, Inc.*, No. 4:12-CV-553-A, 2013 WL 3810811, at *3 (N.D. Tex. Jul. 23, 2013). One such permissible purpose is when a person "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). Moreover, "[s]ection 1681b allows a lender to access a potential borrower's credit if the *lender has reason to believe* the information is to be used 'in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.'" *See Wells v. Craig & Landreth Cars, Inc.*, No. 3:10-cv-003176, 2010 WL 4810623, at *2 (W.D. Ky. Nov. 19, 2010), *aff'd*, 474 F. App'x 445 (6th Cir. 2012) (emphasis added) and *see Wells v. Craig & Landreth Cars, Inc.*, 474 F. App'x 445, at *2 (6th Cir. 2012). [8] In other words, a permissible purpose under section 1681b(a)(3)(A) hinges on the

---

[8] *See also Butris v. Capital Mgmt. Servs., L.P.*, No. 13-14771, 2014 WL 3400739, at *4 (E.D. Mich. Jul. 11, 2014) ("A number of courts have held that the FCRA requires that 'users' of credit reports only have 'reason to believe' that the report is being requested for a permissible purpose."); *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996), *aff'd, Korotki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997) ("[S]o long as

user's intent and whether the user had reason to believe that a permissible purpose existed.  *See Shepherd-Salgado v. Tyndall Fed. Credit Union*, No. 11-0427-WS-B, 2011 WL 5401993, at *7 n.12 (S.D. Ala. Nov. 7, 2011) (citing *Trikas v. Universal Card Servs. Corp.*, 251 F. Supp. 2d 37, 42-43 (E.D.N.Y. 2005).  Courts have also found that "even where defendants have made a good faith mistake in pulling a consumer report, there is no violation of the FCRA."  *See Boston v. Client Servs. of Mo., Inc.*, No. 3:13CV184, 2013 WL 5925902, at *2 (W.D.N.C. Nov. 1, 2013) (citing *Beckstrom v. Direct Merchant's Credit Card Bank*, No. Civ.04-1351 ADM/RLE, 2005 WL 1869107, at *3 (D. Minn. Aug. 5, 2005); *Shah v. Collecto, Inc.*, No. Civ.A.2004–4059, 2005 WL 2216242 (D. Md. Sep. 12, 2005)).

Plaintiff does not allege facts in the Complaint to satisfy a lack of permissible purpose. Rather, Plaintiff alleges (1) "[o]n December 29, 2015, Plaintiff went to a local BJ's store to request a store membership, for which he was approved;" and (2) "[w]ithout Plaintiff's knowledge or permission, a Comenity credit card account was opened in his name." [Doc. No. 1, ¶¶32-33].  In addition, Plaintiff used the Account and ran up over $8,000.00 worth of charges that he has refused to pay.[9]  The facts pled by Plaintiff along with the fact that Plaintiff actually used the Account, show that Comenity and/or BJ's had reason to believe the information was to be used in connection with a credit transaction involving Plaintiff—especially since Plaintiff did enter into the credit transaction.  *See Wells v. Craig & Landreth Cars, Inc.*, No. 3:10-cv-003176, 2010 WL 4810623, at *2 (W.D. Ky. Nov. 19, 2010), *aff'd*, 474 F. App'x 445 (6th Cir. 2012). Furthermore, the summary judgment in Rumbough 1 established that Plaintiff contractually

---

a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA.").

[9] *See* Rumbough 1 Doc. No. 75, Order Granting Comenity's Motion for Summary Judgment.

agreed to the terms of the Account.  Therefore, by having an Account, there was a permissible purpose to pull his credit and thus there is no FCRA violation.

Moreover, although Plaintiff states Comenity acted willfully, he pleads no facts to support these allegations.  [Doc. No. 1, ¶107].  Threadbare, conclusory statements are not enough to survive a motion to dismiss.  *See Iqbal*, 556 US. at 678.

Plaintiff needed to have alleged sufficient facts to establish that Comenity either knew it had no permissible purpose or recklessly disregarded its obligation to have a permissible purpose under the law.  *See Braun v. United Recovery Sys., LP,* 14 F. Supp. 3d 159, 172 (S.D. NY 2014).  Plaintiff failed to do so.  Plaintiff asserts no facts establishing Comenity's state of mind when making the credit inquiry.  "[T]o survive a motion to dismiss the plaintiff's complaint must allege specific facts as to the defendant's mental state when the defendant accessed the plaintiff's credit report.  Merely stating that the violation was 'willful' or 'negligent' is insufficient." *Id.* at 167.  Accordingly, Plaintiff's claim for a violation of section 1681b fails.[10]

Similarly, Plaintiff's claim under section 1681q also fails because a section 1681q claim is not distinct from a 1681b claim, as the two violations are "intertwined as a single claim for relief under the statutory scheme."  *See Shepherd-Salgado*, 2011 WL 5401993, at *3.  To prove a

---

[10] *See id.* (citing *Tauro v. Asset Acceptance*,  No. 12–CV–418, 2012 WL 2359954, at *5 (W.D.Pa. June 20, 2012) ("[T]he Plaintiff has not averred any facts from which the Court can infer that the Defendants knew, or should have known, that they did not intend to use the Plaintiff's credit report for a permissible purpose under the FCRA, all of which Plaintiff must do with provable facts in order to state a claim."); *Farkash v. RJM Acquisitions Funding, Inc.*, Nos. 12-CV-735 (ER) et al., 2012 WL 1948643, at *2-3 (S.D.N.Y. May 29, 2012) ("[The plaintiff] fails adequately to allege willfulness or negligence. While [the plaintiff] asserts that each Defendant's FCRA violation was willful, he does so in a conclusory manner...."); *Perl v. Am. Express*, No. 11 CIV. 7374(KBF), 2012 WL 178333, at *2 (S.D. NY Jan. 19, 2012) ("While the plaintiffs assert that each defendant's FCRA violation was willful, they do so in a conclusory manner...."); *Huertas v. U.S. Dep't of Educ.*, No. 08–CV–3959, 2009 WL 3165442, at *9 (D.N.J. Sept. 28, 2009) ("[A] plaintiff must allege, with sufficient factual support, that the defendant willfully obtained the plaintiff's credit report without having a purpose to review or collect on a debt. In other words, the complaint must allege facts sufficient to demonstrate that the defendant should have known either that it did not intend to use the credit report in connection with a credit transaction involving the plaintiff or involving the collection of an account of the plaintiff ....")).

violation of section 1681q, a plaintiff must show the defendant obtained plaintiff's information

from a consumer reporting agency for an impermissible purpose.  *See Davis v. Capital One Bank*

*USA,* No. 4:11–CV–575–A,  2012 WL 946995, at *4 (N.D. Tex. Mar. 19, 2012).  Because

Comenity already showed it obtained Plaintiff's information for a permissible purpose, his

section 1681q claim also fails.

### *3. The Plaintiff's Complaint Fails to State a Cause of Action under the FDCPA.*

The FDCPA was enacted to "eliminate abusive debt collection practices by debt

collectors."  *See Harris v. Liberty Cmty. Mgmt., Inc*., 702 F. 3d 1298, 1301 (11th Cir. 2012)

citing 15 U.S.C § 1692(e)(a). As a result, its restrictions only apply to debt collectors. *Id*. at

1302; *see Neff v. Capital Acquisitions & Management Co*., 352 F. 3d 1118, 1121 (7th Cir. 2003);

*see also Taylor v. First Premier Bank*, 841 F. Supp. 2d 931 (E.D. Va. 2012) Here, Plaintiff fails

to allege any facts to support his claim that both Comenity and Comenity LLC are  "debt

collector[s]"[11]. [Doc. No. 1, ¶ 110]. *See Farquharson v. Citibank, N.A.*, 664 Fed.Appx. 793, 799

(11th Cir. 2016) (Noting that the threadbare recital that a defendant is a "debt collector" will not

"suffice."). Accordingly, Plaintiff's FDCPA cause of action should be dismissed.

Section 1692a(6) expressly provides that the term "debt collector" does not include "any

officer or employee of a creditor while, in the name of the creditor, collecting debts for such

creditor," and further does not include "any person collecting or attempting to collect any debt

owed or due or asserted to be owed or due another to the extent such activity …(ii) concerns a

debt which was originated by such person."  15 U.S.C. § 1692a(6).  "Congress clearly sought to

exclude creditors – that is, those who extend credit and collect their own debts – from the Act's

---

[11] Plaintiff improperly aggregates his allegations against Comenity and Comenity LLC together and fails to differentiate these two separate and distinct entities.

coverage." *In re Cooper*, 253 B.R. 286, 291 (Bankr. N.D. Fla. 2000); *see also Pinson*, 646 Fed.

Appx. at 815 (affirming summary judgment for defendant, finding that because the defendant

was the lender, "[plaintiff's] argument that [defendant] was a debt collector for purposes of the

FDCPA fails. Section 1692a(6)(F) exempts original creditors…").

 Here, as pled by Plaintiff, there is no dispute that Comenity is the original creditor. [Doc.

No. 1, ¶¶ 33, 42]. Because original creditors are expressly exempted from FDCPA liability, and

Comenity is the original creditor, Plaintiff simply cannot maintain an FDCPA action against

Comenity. Furthermore, Plaintiff's claim should be dismissed with prejudice as Comenity was

the original creditor and therefore amendment would be futile.[12]

 *3. The Plaintiff's Complaint Fails to State a Cause of Action under the FCCPA.*

 With regard to Plaintiff's FCCPA claim against Comenity and Comenity LLC, Plaintiff

alleges the following:

- Defendants violated § 559.72(3) "by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed."

- Defendants violated § 559.72(6) "by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact."

- Defendants violated § 559.72(9) "by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate."[13]

As to Comenity and Comenity LLC, Plaintiff alleges no facts to support the above allegations.

 Even assuming *arguendo* that Plaintiff's allegations that he rejected the underlying credit

card agreement in July 2016, Plaintiff's FCCPA claim suffers from a much more serious flaw. To

---

[12] Plaintiff's FDCPA claims should also be dismissed with prejudice as they are all premised on the fact that the debt at issue is "nonexistent," but the Court in Rumbough 1 holds otherwise.
[13] *See* Complaint, ¶ 115.

qualify as a person who "knows" that a debt is not legitimate, so as to be liable under the FCCPA for attempting or threatening to collect a debt which is not owed, the alleged debt collector must have "actual knowledge of impropriety, or of overreach, of claim." *In re Cooper*, 253 B.R. 286 (N.D. Fla. 2000). In contrast to the FDCPA, "Section 559.72(9) of the FCCPA requires a plaintiff to demonstrate that the debt collector defendant possessed actual knowledge that the threatened means of enforcing the debt was unavailable." *See LeBlanc v. Unifund CCR Partners*, 601 F. 3d 1185, 1192 (11th Cir. 2010), *citing McCorriston v. L.W.T., Inc.*, 536 F.Supp.2d 1268, 1279 (M.D. Fla. 2008) (internal citations omitted); *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1361-63 (S.D. Fla. 2000).

Plaintiff has wholly failed to identify, provide, or attach any documentation or specific proof sufficient to support a claim that the above referenced Defendants had "actual knowledge of impropriety, or of overreach" upon which a § 559.72(9) claim can be based. Merely alleging actual knowledge is insufficient. *See Bentley v. Bank of America, N.A.*, 773 F. Supp.2d 1367 (S.D. Fla. 2011) ("Allegations by mortgagor that mortgage loan servicers called him repeatedly in an attempt to collect on the mortgage loan and that the servicers knew they did not have a legal right to use such collection techniques did not state claim against servicers for violation of the Florida Consumer Collection Practices Act (FCCPA), absent specific factual allegations showing knowledge or intent as to each person who called him, and facts showing how the debt at issue was illegitimate or what legal right was asserted and how that legal right somehow did not exist.").

In order to state a valid cause of action under Fla. Stat. § 559.72(9), Plaintiff must plead knowledge or intent on the part of Defendants beyond the mere recital of the statutory language requiring "willful" conduct. *See Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328 (M.D. Fla. 2010)

(allegation of knowledge or intent by the debt collector is necessary in order to state a cause of action under Florida Consumer Collection Practices Act's (FCCPA) prohibition against conduct that could reasonably be expected to abuse or harass debtor); *accord Kaplan v. Assetcare, Inc.*, 88 F. Supp.2d 1355 (S.D. Fla. 2000); *Bentley* 773 F. Supp. 2d at 1367.

Plaintiff's FCCPA claim does nothing more than recite a mere formulaic recitation of the elements of § 559.72(9) without any substantial factual allegations sufficient to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *See Twombly*, 550 U.S. at 545. Therefore, because the Complaint lacks sufficient facts to support a cognizable FCCPA claim against the above referenced Defendants, the claim fails as a matter of law and should be dismissed.

### *4. The Plaintiff's Complaint Fails to State a Cause of Action under the TCPA.*

Plaintiff contends that Comenity and Comenity LLC violated the TCPA by "initiating telephone calls to Plaintiff's telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff" and that Comenity and Comenity LLC made or transmitted  a telephone solicitation to the Plaintiff's telephone number, despite the fact that "Plaintiff's phone number has been listed with the National Do Not Call Registry since September 2006." [Doc. No. 1, ¶¶117-118]. Plaintiff is simply attempting to utilize conclusory buzz words and direct quotations of statutory language in an effort to allege a cause of action against Comenity and Comenity LLC. Plaintiff, however, cannot plausibly state a TCPA claim with contradictions and bare legal conclusions couched as factual allegations. *See Gardner v. Credit Management, L.P.* 2015 WL 1235037, at *2 (M.D. Fla. 2015)(holding that "merely alleging that a defendant used an ATDS is insufficient to survive a motion to dismiss") citing *Speidel v. JP Morgan Chase & Co.*, 2014 WL 582881 (M.D. Fla. 2014) (allegations which

follow the language of statute are consistent with liability; in absence of allegations of nature of calls, impossible to determine whether calls are exempt or unlawful). *See also Augustin v. Santander Consumer USA, Inc.* 43 F. Supp. 3d 1251 (M.D. Fla. 2012)(finding plaintiff's complaint for violations of the TCPA based upon unsolicited calls legally insufficient due to "[t]he absence of any information about the plaintiff's phone number, the date and time of any alleged call, and the phone number from which the plaintiff allegedly received the calls").

Here, Plaintiff fails to allege whether the phone number that Defendants dialed was a cell phone or residential line, the specific dates and times of the phone calls, and whether the phone calls were made by Comenity or Comenity LLC.  In addition, Plaintiff fails to allege the nature of each call. Though Plaintiff attempts to allege that Defendants unlawfully transmitted a telephone solicitation to Plaintiff's telephone number, Plaintiff presents no facts to show that the calls Comenity allegedly placed were solicitation calls.  Therefore, he presents no facts to establish a violation of § 227(b)(1)(B) of the TCPA.

Moreover, Plaintiff's claim that Comenity violated § 227(b)(1)(A)(iii) of the TCPA fails as he fails to provide any detailed facts regarding the alleged calls.  For instance, he fails to allege Comenity called his cell phone without prior express consent, he fails to provide the number Comenity allegedly called, and he fails to provide any detail of when the calls were allegedly placed.

### *5. Plaintiff Fails to Plead Facts Sufficient to State a Claim under the FDUTPA.*

In order to state a claim under the FDUTPA, a plaintiff must allege a deceptive or unfair practice occurred in the course of trade or commerce. *See Benjamin v. CitiMortgage, Inc*., 2013 WL 1891284, at*4 (S.D. Fla. May 6, 2013). Debt collection activities are not "trade or commerce" for FDUTPA purposes.  *See Williams v. Nationwide Credit, Inc*., 890 F. Supp. 2d

1319, 1321-22 (S.D. Fla. 2012);  *see also Bank of America, N.A. v. Zaskey*, 2016 WL 2897410, at * 10 (S.D. Fla. May 18, 2016).  While Plaintiff's claims against Comenity and Comenity LLC are vague and conclusory, they appear to only relate to alleged debt collection activities.  As such, he fails to allege facts to support a FDUTPA claim against Comenity and Comenity LLC, and therefore, Plaintiff's FDUPTA claims should also be dismissed.

## V.    CONCLUSION

For the foregoing reasons set forth herein, Defendants respectfully request that the Court dismiss the Complaint with prejudice and that judgment should be entered in favor of the Defendants.

Dated:  August 17, 2017.

Respectfully submitted,

*/s/ Lisa M. Schiller*
Lisa M. Schiller, Esq.,
Florida Bar # 984426
Jennifer M. Chapkin, Esq.,
Florida Bar # 63855
McGLINCHEY STAFFORD
1 East Broward Boulevard, Suite 1400
Ft Lauderdale, Florida 33301
Tel.: (954) 356-2501 (main)
Fax: (954) 333-3846
Primary E-Mails: lschiller@mcglinchey.com
jchapkin@mcglinchey.com
Secondary E-mails:
ealarcon@mcglinchey.com
lponce@mcglinchey.com
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via CM/ECF and the following manner, on this 17th day of August, 2017.


**<u>Via U.S. Mail:</u>**
**Larry Rumbough**
840 Lilac Trace Lane
Orlando, FL 32828
lrumbough@yahoo.com
321-331-1859
PRO SE


                                        */s/ Lisa M. Schiller*
                                        Lisa M. Schiller, Esq.