UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:17-cv-00956

LARRY RUMBOUGH,

    Plaintiff
v.
COMENITY CAPITAL BANK;
COMENITY LLC; COMENITY
SERVICING LLC; ALLIANCE DATA;
BJ'S WHOLESALE CLUB, INC.;
ANTHONY NEWSOME; JANE DOE;
MCGLINCHEY STAFFORD PLLC;
JENNIFER M. CHAPKIN; LISA M.
SCHILLER; MARGARET HIGHTOWER;
EQUIFAX INFORMATION SERVICES
LLC; EQUIFAX CONSUMER AFFAIRS;
EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION LLC;
JAMES M. PECK; SAMUEL A.
HAMOOD; JOHN W. BLENKE;
CHRISTOPHER A. CARTWRIGHT;
JOHN T. DANAHER; MOHIT KAPOOR;
CURTIS J. MILLER; JULIE SPRINGER;
INNOVIS DATA SOLUTIONS, INC.;
NATIONAL CONSUMER TELECOM &
UTILITIES EXCHANGE
    Defendants.

**DEFENDANTS' MOTION TO ENJOIN PLAINTIFF FROM FUTURE FILINGS AGAINST DEFENDANTS WITHOUT PRIOR COURT APPROVAL WITH <u>INCORPORATED MEMORANDUM OF LAW</u>**

Pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1651, and this Court's inherent Article III powers, Defendants Alliance Data ("Alliance"), Comenity Capital Bank ("Comenity"), Comenity Servicing, and Comenity LLC (collectively the "Comenity Entities"), together with BJ's Wholesale Club ("BJ's"), Anthony Newsome ("Mr. Newsome"), McGlinchey Stafford PLLC ("McGlinchey Stafford"), Lisa Schiller ("Ms. Schiller"), and Jennifer Chapkin ("Ms.

1176399.3

Chapkin") (collectively "Defendants") hereby move to enjoin Plaintiff Larry Rumbough ("Plaintiff") from filing any new action, complaint, or claim for relief against Defendants in federal court, state court, or any other forum without first obtaining leave to file such action from this Court and in support thereof sets forth as follows:

## INTRODUCTION & SUMMARY OF ARGUMENT

On December 29, 2015, Plaintiff applied for and was issued a Comenity credit card account (the "Contract") at a local BJ's store in Orlando, Florida. Subsequently, on July 21, 2016, Plaintiff filed a federal court action against Comenity, BJ's, and numerous credit reporting agencies for alleged violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et. seq, violations of the Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq, and the Florida Consumer Collection Practices Act ("FCCPA), Fla. Stat. § 559 et. seq. relating to the Contract")[1]. *See* Rumbough 1, DE 1.  BJ's filed an Answer and Affirmative Defenses in response to Rumbough 1 and Comenity filed an Answer and Affirmative Defenses and Counterclaim (the "Counterclaim") against Rumbough to recover damages based upon his breach of the same the same Contract, asserting claims for breach of contract, quantum meruit, and unjust enrichment. *See* Rumbough 1, DE 26 and DE 34. On March 30, 2017, Comenity filed its Motion for Summary Judgment as to its Counterclaims with Incorporated Memorandum of Law and in support thereof attached the Affidavit of Margaret Hightower and Affidavits of Attorneys' Fees. *See* Rumbough 1, [DE 51]. Rumbough 1 is still pending.

Now, Plaintiff has filed the instant action against the Defendants named in the Rumbough 1, and has added numerous new defendants including the law firm representing Comenity and BJ's, Margaret Hightower as a Comenity's employee, BJ's employees Jane Doe and Anthony Newsome, and undersigned counsel individually alleging the same claims existing in Rumbough

---

[1] *See* Larry Rumbough v. Comenity Capital Bank et al, Case Number 16-cv-01305-GKS ("Rumbough 1")

1176399.3

Specifically, Plaintiff alleges the Defendants committed a laundry list of violations under various consumer protection statutes with respect to the Contract, including the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et. seq, the Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq, the Florida Consumer Collection Practices Act ("FCCPA), Fla. Stat. § 559 et seq., and the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 et seq., the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") Fla. Stat. §501 et. seq ("Rumbough 2"). [DE 1]. As detailed in Defendants' Motion to Dismiss [DE 46 and 47]. Plaintiff continues to file frivolous and burdensome lawsuits against Defendants alleging claims based on the same set of facts that ended, at the latest, at least more than one year ago.[2] Nonetheless, Plaintiff remains undeterred in his abuse of the court system resulting in the Defendants having to spend endless resources to defend against these frivolous claims. Therefore, this Court should enter an injunction barring Plaintiff from instituting any further action against Defendants, its affiliates, its employees, and its counsel without prior leave of this Court.

---

[2] Plaintiff is no stranger to the court system and in fact has been found by at least one District Court and subsequently recognized on appeal by the 11th Circuit as a "frequent pro se litigant". *Rumbough v Equifax Information Services, LLC,* 464 Fed. Appx. 815 (2012).  This Plaintiff has filed 23 lawsuits against multiple defendants in both state court and Federal Court for alleged violations of FDCPA, FCRA and TCPA claims. Defendants have conducted an analysis of all such lawsuits filed by Plaintiff throughout the Country and has attached that analysis as Exhibit "A" hereto. Plaintiff was recently deposed by Defendants in a related lawsuit pending before this court (6:16-cv-00956-GKS-GJK), wherein he admitted that he has filed no less than fifty (50) lawsuits and identified settlements derived from lawsuits as a primary source of income. See Exhibit "B", 12:25-23:12. Relevant portions of said deposition transcript are attached hereto as Exhibit "B." Defendants ask this Court to take judicial notice of this Plaintiff's litigious history in exercising its inherent power to determine the appropriate relief that should be granted in this instance. FRCP 201; see also, *Klay v United Healthgroup*, 376 F.3d 1092, 1099 (the All Writs Act allows courts "to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments.") (quoting 28 U.S.C. § 1651(a)) (footnotes and citation omitted); *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir.1980)(this includes the power to enjoin litigants who are abusing the court system by harassing their opponents); *U.S. v. Maass*, 2005 WL 2298296 at *3 (citing *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) and *Copeland v. Green*, 949 F.2d 390 (11th Cir. 1991)) (in line with the All Writs Act, the Eleventh Circuit has repeatedly held that federal courts have the power to manage their dockets and curb vexatious litigation).

## ARGUMENT

**A.     This Court Has the Power to Grant Injunctive Relief.**

Under the All Writs Act, federal courts have the inherent authority to enjoin a vexatious plaintiff from abusing the court system by requiring them to obtain leave of court prior to any filings. *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.") As the Eleventh Circuit has recognized, "[t]he court's power to protect its jurisdiction includes the power to enjoin a dissatisfied party bent on relitigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, so long as the injunction does not completely foreclose a litigant from any access to the courts." *Riccard v. Prudential Ins. Co. of Am.,* 307 F.3d 1277, 1295 n.15 (11th Cir. 2002). *See also Dinardo v. Crow*, 199 Fed. App'x 731, 736 (11th Cir. 2006) (finding that district court's injunction against further filings by the plaintiffs without leave of court was authorized).

Not only may the Court grant injunctive relief to prevent Plaintiff's further harassment of Defendants, but "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) ("Such action is necessary and prudent to protect the rights of all litigants in the federal system") *Id.* at 1071. *See also Hilgeford v. People's Bank, Inc.*, 652 F. Supp. 230, 232-33 (N.D. Ind. 1986) (holding that injunctive relief was proper where *pro se* litigant had filed fourth lawsuit against the same defendant). As the *Hilgeford* court stated:

> "Groundless, vexatious or repetitive lawsuits should not be tolerated by federal courts . . . Federal courts have both the inherent power and the constitutional

obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions . . . This court has equitable power to protect defendants from harassment, and to protect itself from the burden of processing frivolous and unimportant papers." *Id.* at 232.

B. **Injunction Precluding Court Filings in the State of Florida, Middle District of Florida and Any Filings in Federal Court Related to Violations of Consumer Protection Statutes and the Underlying Obligations of Plaintiff is Appropriate and Necessary.**

A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam) (citation omitted) (*cited in Laosebikan v. Coca-Cola Co.*, 415 Fed. App'x 211, 214 (11th Cir. 2011)).

In this instance, all four elements are satisfied. Specifically, (1) Defendants have shown a substantial likelihood on the merits since *res judicata* bars Plaintiff from raising the present complaint as this Court has already determined that a Contract exists between Comenity and Plaintiff; (2) Defendants would suffer irreparable harm by having to continue expending endless funds to defend themselves against a vexatious litigant who repeatedly asserted baseless allegations of violations of consumer protection statutes; (3) Plaintiff will not be harmed as a result of the injunction and will not be foreclosed from accessing the court because the order would only require him to first submit any prospective complaint to the court for screening before it was filed; and (4) the injunction would have no adverse effect on the public interest because Plaintiff is merely seeking to abuse and annoy his creditors by filing frivolous lawsuits, yet never disputes that he owes the underlying financial obligation. A denial of injunctive relief

1176399.3

will result in Defendants continuing to expend large amounts of money to defend baseless and frivolous lawsuits filed by Mr. Rumbough.

In all of Plaintiff's cases, he has submitted lengthy filings alleging confusing claims of federal and state-law tort claims, against his creditors, employees of his creditors, affiliates of his creditors, credit bureaus, and financial institutions, relating to underlying financial obligations that he breached. These claims are baseless and have been rejected numerous times. In fact, this court has already found that a contract existed between Comenity and Plaintiff and issued a judgment awarding Comenity $8,004.70 against Plaintiff. *see Rumbough v. Comenity Capital Bank, et. al.,* Case No. 6:16-cv-1305-GKS-GJK [DE 83]. Nonetheless, Plaintiff continues to file frivolous lawsuits alleging claims based on the same set of facts.

As the Eleventh Circuit has made clear, a district court has the "inherent power and constitutional obligation" to stop a plaintiff's "abuse of the judicial processes" by fashioning an injunctive remedy where the plaintiff has filed frivolous complaints in an attempt to "relitigate specific claims arising from the same set of factual circumstances that have been litigated and adjudicated in the past." *Traylor v. City of Atlanta*, 805 F.2d 1420, 1422 (11th Cir. 1996) (quoted in *Lipner v. Hallmark Marketing Corp.,* 2003 WL 23809045, at *4 (S.D. Fla. 2003)). "Three or four lawsuits over one employment relationship is enough." *Riccard*, 307 F.3d at 1295 (holding that the district court did not abuse its discretion in prohibiting Plaintiff from filing any new action against Defendants unless he first obtained leave to file from the district court).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an injunction barring Plaintiff from instituting any further action against Defendants and their affiliates, employees, representatives or attorneys without prior court approval.

Dated: September 21, 2017.

                                  Respectfully submitted,

                                  */s/ Lisa M. Schiller*
Lisa M. Schiller, Esq.,
Florida Bar # 984426
Jennifer M. Chapkin, Esq., Florida Bar # 63855
McGLINCHEY STAFFORD
1 East Broward Boulevard, Suite 1400
Ft Lauderdale, Florida 33301
Tel.: (954) 356-2501 (main) / Fax: (954) 333-3846
Primary E-Mails:
lschiller@mcglinchey.com
jchapkin@mcglinchey.com
Secondary E-mails:
ealarcon@mcglinchey.com
rwalters@mcglinchey.com
***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF and the following manner, on this 21st day of September, 2017.

**Via U.S. Mail:**
**Larry Rumbough**
840 Lilac Trace Lane
Orlando, FL 32828
lrumbough@yahoo.com
321-331-1859
PRO SE

                                  */s/ Lisa M. Schiller*

1176399.3