**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LARRY RUMBOUGH,**

   **Plaintiff,**

v.                Case No: 6:17-cv-956-Orl-18GJK

**NATIONAL CONSUMER TELECOM &
UTILITIES EXCHANGE,**

   **Defendant.**

## ORDER

  THIS CAUSE comes for consideration on Defendant National Consumer Telecom & Utilities Exchange, Inc.'s ("NCTUE") Motion to Dismiss ("the Motion") (Doc. 88), to which Rumbough did not file a response. For the reasons that follow, the Motion will be granted.

### I. BACKGROUND

  On May 25, 2017 Rumbough filed the Complaint (Doc. 1) in this case against NCTUE and numerous other defendants for purported violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), section 559.55, *et seq.*, Florida Statutes, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Deceptive and Unfair Trade Practices Act, section 501.201, Florida Statutes, *et. seq.* ("FDUTPA"). In Count I of the Complaint, Rumbough attempts to bring a cause of action against NCTUE for its purported violation of the FCRA. (*See* Doc. 1 at 13.) Counts II-V are not brought against NCTUE. (*See id.* at 15, 17-19.)

  In the Complaint, Rumbough alleges that NCTUE "is an unknown entity[,]" and that he

"intends to hire an attorney in order to amend this Complaint as a class action against . . . [NCTUE]" and other defendants. (*Id.* ¶¶ 30, 100.) Rumbough further states that NCTUE is a "consumer reporting agenc[y] as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation." (*Id.* ¶ 105.) Rumbough "demands judgment against . . . [NCTUE] for actual or statutory damages, and punitive damages, attorney's fees and court costs, and . . . such other and further relief as the [C]ourt deems just and proper, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o." (*Id.* at 15.) NCTUE now moves to dismiss Rumbough's claims against it "because [Rumbough] did not serve NCTUE with process within the 90-day period required by Rule 4(m) and the complaint fails to state a claim upon which relief may be granted as to NCTUE." (Doc. 88 at 1.)

## II. LEGAL STANDARD

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve a defendant with his or her complaint within ninety (90) days after the complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff fails to serve the defendant within the ascribed ninety (90) days and fails to show good cause for any such failure, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (*Id.*) In the event the plaintiff shows good cause for his or her failure to timely serve a defendant, "the court must extend the time for service for an appropriate period." (*Id.*) Notably, "[g]ood cause exists 'only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)). Also, "[r]elief may be

justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

Additionally, a properly plead complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept the factual allegations in the complaint as true and must then determine whether the allegations "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Evaluation of a complaint requires a two-step inquiry: "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although the pleading standard set forth in Rule 8 does not require in depth factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 570). Dismissal of an action is appropriate "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

### III. ANALYSIS

Rumbough filed the Complaint on May 25, 2017, although a Summons was not issued for NCTUE until August 28, 2017. (*See* Doc. 1 at 1; Doc. 55 at 1.) On November 20, 2017, Rumbough admitted that he had not yet effected service on NCTUE. (*See* Doc. 94 at 2.)[1]

---

[1] On November 1, 2017, the Court entered an Order directing Rumbough to show cause within fifteen (15) days why the Complaint should not be dismissed against National and other defendants based on Rumbough's failure to effect

According to Rumbough, NCTUE "ignored an earlier request for waiver of service sent by [Rumbough]." (*Id.*)  However, even if NCTUE received said request from Rumbough, NCTUE did not sign the waiver and "is not required to waive formal service." *See Lepone-Dempsey*, 476 F.3d at 1281.  Further, the Court has no reason to believe that NCTUE evaded service or concealed a defect in attempted service.  Rumbough has failed to demonstrate good cause for his failure to timely serve NCTUE, and the facts and circumstances surrounding this case do not warrant an extension of time.  Accordingly, Rumbough's claims against NCTUE are due to be dismissed without prejudice pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure based on Rumbough's failure to serve NCTUE within the ninety (90) day time period required by Rule 4(m) of the Federal Rules of Civil Procedure.

Additionally, even assuming arguendo that Rumbough effected proper and timely service on NCTUE, Rumbough's claims against NCTUE fail.  Rumbough's efforts to bring a claim against NCTUE for its purported violations of the FCRA are weak and disjointed at best.  Rumbough does not specifically state any action or inaction on behalf of NCTUE that plausibly equates to a FCRA violation.  Further, although Rumbough represents to the Court that dismissing NCTUE from this case "will inevitably result in [Rumbough] filing another lawsuit against the entity for exactly the same violations, thus wasting judicial resources[,]" the Court admonishes Rumbough from filing another lawsuit against NCTUE based on unsubstantiated claims or from otherwise "wasting judicial resources."  If appropriate, the Court will not hesitate to sanction Rumbough for any such action and will consider enjoining Rumbough from filing any new actions without first obtaining leave from the Court.

---

proper service.  (Doc. 83 at 1-2.)  On November 20, 2017, Rumbough filed a response to same.  (Doc. 94.)

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** that Defendant National Consumer Telecom & Utilities Exchange, Inc.'s Motion to Dismiss (Doc. 88) is **GRANTED**. Plaintiff Larry Rumbough's claims against Defendant National Consumer Telecom & Utilities Exchange, Inc., as set forth in the Complaint (Doc. 1), are **DISMISSED**. The Clerk of Court is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on this __13__ day of December, 2017.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties