# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 10, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-10155-EE
Case Style: Larry Rumbough v. National Consumer Telecom
District Court Docket No: 6:17-cv-00956-GKS-GJK

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, each party to bear own costs.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Elora Jackson, EE at (404) 335-6173.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10155
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cv-00956-GKS-GJK

LARRY RUMBOUGH,

                                                Plaintiff-Appellant,

versus

COMENITY CAPITAL BANK, et al.,

                                                Defendants,

NATIONAL CONSUMER TELECOM & UTITLITIES EXCHANGE,

                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 10, 2018)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Larry Rumbough, proceeding *pro se*, appeals the dismissal of his suit brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501, against Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), and the National Consumer Telecom & Utilities Exchange ("NCTUE"). On appeal, Rumbough argues that the district court should not have applied the claim-splitting doctrine to his claims against Equifax, Experian, and Trans Union. He argues further that the district court erred in dismissing his claims against NCTUE for lack of service. After careful review, we hold that the district court erred in applying the claim-splitting doctrine to Rumbough's claim against Equifax. We affirm the district court's dismissal with respect to the remaining defendants.

# I

We have adopted a rule against a plaintiff maintaining two separate actions involving the same subject matter, at the same time, in the same court, against the same defendant. *Vanover v. NCO Fin. Servs.*, 857 F.3d 833, 840–42 (11th Cir. 2017) (affirming district court's decision to dismiss a second lawsuit as duplicative of a prior lawsuit). In *Vanover*, we called this a rule against "claim-splitting" and adopted "a two-factor test whereby the court analyzes (1) whether the case involves the same parties and their privies, and (2) whether separate cases arise

from the same transaction or series of transactions." *Id*. at 841–42 (internal quotation marks, citation omitted). Under this test, lawsuits "arise from the same transaction" when they are "based on the same nucleus of operative facts." *Id*. at 842. A separate lawsuit will only be permitted if it "raises new and independent claims, not part of the previous transaction, based on the new facts." *Id.* (emphasis omitted) (quoting *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006)). We further expressed our agreement with the Tenth Circuit's conclusion that the test for claim-splitting "is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." *Id.* at 841 (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). Here, the district court correctly dismissed Rumbough's claims against Experian and Trans Union for improper claim-splitting. But by failing to account for the *Katz*-based preclusion-related aspect of the claim-splitting analysis, the district court erred with respect to Rumbough's claims against Equifax.

Rumbough first filed suit in federal court in July 2016 against Equifax, Experian, Trans Union, Innovis Data Solutions, and Comenity Capital Bank, among others—we will call that suit "*Rumbough I*." Then, in May 2017, and while *Rumbough I* remained pending, Rumbough filed the suit that underlies this appeal—which we will call "*Rumbough II*"—against numerous defendants, including Equifax, Experian, Trans Union, and NCTUE. The record here shows,

3

the district court concluded, and Rumbough does not dispute, that both suits concern the same parties and their privies. *See Vanover*, 857 F.3d at 841–42. Moreover, an analysis of the pertinent factual allegations found in the complaints from *Rumbough I* and *Rumbough II* reveal that both suits arise from the same operative facts. *See id.* at 842. Both complaints essentially allege that a credit line was opened for Rumbough without his knowledge, that debt was placed on the card, that false credit information was reported to the three credit agencies, and that the agencies did nothing to rectify the false reporting, thereby causing Rumbough harm.

Rumbough alleged several additional facts in his second complaint, as follows: (1) he sent additional dispute letters to each of the three agencies at a later time; (2) Trans Union informed him that it no longer maintained a commercially available file on him; (3) he filed a complaint against Trans Union, to which Trans Union responded; and (4) Trans Union's decision not to maintain his file constituted a violation of the FDUTPA. None of the additional facts or causes of action alleged in Rumbough's second complaint changes the essential nature of his claims or suggests that his claims do not arise from the same "series of transactions" as those that he asserted in *Rumbough I*. *See Vanover,* 857 F.3d at 841–42. Accordingly, because Rumbough did not raise a "new and independent"

claim, the district court properly dismissed his suit against Trans Union and Experian for claim-splitting. *See id.* at 842.

Yet the record demonstrates that there is merit to Rumbough's contention that the court erred in dismissing his claims against Equifax because "only one case existed against it." Rumbough filed his May 2017 complaint in *Rumbough II* after Equifax had been dismissed from *Rumbough I* in January 2017. The *Rumbough I* court dismissed Rumbough's claim against Equifax because Rumbough had failed to effect service within the 90 day period mandated by the Federal Rules of Civil Procedure. Because Equifax was never properly served, the *Rumbough I* court never had jurisdiction over it. *See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Absent jurisdiction, our claim-splitting rule does not preclude Rumbough's second suit against Equifax. *See Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296, 1307 (11th Cir. 2010) (quoting *Aquatherm Indus., Inc. v. Fla. Power & Light Co.*, 84 F.3d 1388, 1392 (11th Cir. 1996)) ("It is well-established that the general rule against splitting causes of action does not apply when suit is brought in a court that does not have jurisdiction over all of a plaintiff's claims."); *see also* Restatement (Second) of Judgments § 25 cmt. e (1982) ("If . . . the court in the first action would clearly not

5

have had jurisdiction to entertain the omitted theory or ground . . . then a second action in a competent court presenting the omitted theory or ground should be held not precluded.").

## II

The district court held that Rumbough "failed to demonstrate good cause for his failure to timely serve NCTUE, and the facts and circumstances surrounding this case do not warrant an extension of time." But the court didn't stop there. Even if Rumbough had effected proper and timely service on NCTUE, the court proceeded in the alternative to conclude that Rumbough's "efforts to bring a claim against NCTUE for its purported violations of the FCRA are weak and disjointed at best" and that "Rumbough does not specifically state any action or inaction on behalf of NCTUE that plausibly equates to a FCRA violation." *Id.*

On appeal, Rumbough has completely failed to address the second of these holdings—that is, Rumbough does not contest the district court's determination that he failed to state a claim. "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. That is the situation here." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (internal citation omitted).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**