# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# (ORLANDO)

LARRY RUMBOUGH,

    Plaintiff,

v.

                                  Case No. 6:17-cv-00956-GKS-GJK

COMENITY CAPITAL BANK, et al.,

    Defendants.

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S BILL OF COSTS

Defendant, Equifax Information Services LLC ("Equifax"), files its Response in Opposition to Plaintiff's Bill of Costs (ECF No. 106). For the reasons set forth below, the Bill of Costs should be denied.

## BACKGROUND

On January 11, 2018, Mr. Rumbough filed his Notice of Appeal, (ECF No. 98). On February 5, 2018, Mr. Rumbough paid $505 for appeal fees. (ECF No. 99). On September 10, 2018, the Eleventh Circuit Court of Appeals rendered judgment on the appeal. (ECF No. 105). On September 27, 2018, Mr. Rumbough filed his Bill of Costs. (ECF No. 106).

## ARGUMENT

Ms. Rumbough's Bill of Costs should be denied for at least five reasons. *First*, Mr. Rumbough cannot seek his costs of appeals from this Court without having them ordered recoverable by the Eleventh Circuit first:

> Rule 39(e) of the Federal Rules of Appellate Procedure provides for certain appellate costs to be taxable in the district court, rather than directly in

the appellate court. *See* Fed. R.App. P. 39(e) advisory committee's note ("The costs described in this subdivision are costs of the appeal and, as such, are within the undertaking of the appeal bond. They are made taxable in the district court for general convenience."). One such type of cost is "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal." Fed. R.App. P. 39(e)(4). Rule 39(e), however, limits the costs taxable in the district court to those a party is "entitled to ... under this rule." When read together, then, the provisions of subdivisions (a)(4) and (e) of Rule 39 indicate the costs listed as taxable in the district court are subject to the appellate court so "order[ing]" them to be recoverable under Rule 39(a)(4) in cases where a judgment is affirmed in part, reversed in part, modified, or vacated. In other words, none of the costs listed as taxable under Rule 39(e) are recoverable in an affirmed-in-part/reversed-in-part case unless the appellate court so indicates.

Because Volvo never brought a motion for costs before the Eighth Circuit, no such order was ever entered to trigger a right to recover any Rule 39(e) costs in the district court. In such circumstances, the district court correctly held it was without authority to award costs in Volvo's favor. *See Golden Door Jewelry v. Lloyds Underwriters,* 117 F.3d 1328, 1340–41 (11th Cir. 1997) (addressing an affirmed-in-part/reversed-in-part case and reading Rule 39(a) as requiring an appellate court order before any costs mentioned in Rule 39(e) are recoverable in the district court).

*Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805, 808–09 (8th Cir. 2007). Accordingly, Mr. Rumbough cannot recover his costs from Equifax because they have not been ordered recoverable by the Eleventh Circuit first.

*Second*, the Eleventh Circuit ordered that each party will bear its own costs. Federal Rule of Appellate Procedure 39(a) specifically states: "The following rules apply ***unless*** the law provides or ***the court orders otherwise.***" (Emphasis added). Moreover, Federal Rule of Appellate Procedure 39(a)(1) states "if a judgment is affirmed in part, reversed in part, modified, or vacated, ***costs are taxed only as the court orders***." Emphasis added; s*ee also Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805, 808–09 (8th Cir. 2007). Here, the Eleventh Circuit Court of Appeal stated: "Pursuant to Fed.R.App.P. 39, each

party to bear own costs." (ECF No. 105 at 1 (emphasis in original)). Accordingly, Mr. Rumbough must bear his own costs and is not entitled to recover costs from Equifax.

*Third*, Mr. Rumbough filed his Bill of Costs in the wrong court and too late. Federal Rule of Appellate Procedure 39(d) requires "a party who wants costs taxed must—***within 14 days after entry of judgment***—file with the ***circuit clerk***, with proof of service, an itemized and verified bill of costs." The Eleventh Circuit's judgment was entered on September 10, 2018. (ECF No. 105). Mr. Rumbough has not filed a Bill of Costs with the Eleventh Circuit; rather, he filed his Bill of Costs in this Court on September 17, 2018. (ECF NO. 106). Mr. Rumbough's Bill of Costs is misfiled and too late.

*Fourth*, Federal Rule of Appellate Procedure 39(e) states: "the following costs on appeal are taxable in the district court for the benefit of ***the party entitled to costs under this rule***." Here, the Eleventh Circuit specifically ordered each party to bear their own costs pursuant to Federal Rule of Appellate Procedure 39. (ECF NO. 105 at 1). Accordingly, Mr. Rumbough cannot recover his costs in this Court from Equifax because the Eleventh Circuit ordered each party to bear own costs.

*Fifth*, Mr. Rumbough is too late under the Court's applicable local rule:

> (a) In accordance with Fed. R. Civ. P. 54 [], all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation shall be asserted by separate motion or petition filed *not later than 14 days following the entry of judgment*. The pendency of an appeal from the judgment shall not postpone the filing of a timely application pursuant to this rule.

Rule 4.18 - Applications for Costs or Attorney's Fees. Again, Mr. Rumbough filed his Bill of Costs in this Court on September 27, 2018 or 17 days after the Eleventh Circuit entered

judgment. (ECF NO. 106). Mr. Rumbough filed his Bill of Costs too late. Accordingly, Mr. Rumbough cannot recover his costs from Equifax.

## **CONCLUSION**

For the reasons stated above, Ms. Rumbough's Bill of Costs should be denied.

Respectfully submitted this 8th day of October, 2018.

By: */s/ J. Anthony Love*
J. Anthony Love
Florida Bar No. 67224
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
tlove@kslaw.com

Counsel for Defendant Equifax Information Services LLC

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing has been served via the court's CM/ECF system on the following counsel of record in this case:

Jennifer Morgan Chapkin
McGlinchey Stafford, PLLC
1 E Broward Blvd Ste 1400
Ft Lauderdale, FL 33301-1834

Franklin G. Cosmen , Jr.
Quintairos, Prieto, Wood & Boyer, PA
9300 S Dadeland Blvd, 4th Flr
Miami, FL 33156

      And via U.S. Mail to:

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828

This 8th day of October, 2018.

                                                      */s/ J. Anthony Love*
                                                      J. Anthony Love